UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RED ROCK MACHINERY CO., INC.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>OTG SERVICES, LLC,<br><br>　　　　　Defendant. | Case No. 2:15-cv-01803-RFB-GWF<br><br>ORDER |

## I.　　INTRODUCTION

Before the Court is Defendant's Motion to Dismiss, ECF No. 4. This case arises from an alleged breach of contract by Defendant OTG Services, LLC ("OTG") against Plaintiff Red Rock Machinery Co., Inc. ("Red Rock"). For the reasons stated below the Court DENIES Defendant's Motion.

## II.　　BACKGROUND

Plaintiff alleges the following causes of action: 1) breach of contract; 2) breach of the implied covenant of good faith and fair dealing; and 3) unjust enrichment. Compl, ECF No. 1-1. Plaintiff alleges that Plaintiff Red Rock and Defendant OTG Services (OTG) entered into an agreement in which Plaintiff rented equipment to Defendant, who paid Plaintiff monthly. Compl. ¶ 5-6. Plaintiff further alleges that Defendant did not make a payment, caused damage to the rented equipment, and owes Plaintiff a sum in excess of $10,000. Id. at ¶ 7-9. Plaintiff seeks damages.

Defendant removed this action on September 18, 2015. ECF No. 1.

Defendant filed a Motion to Dismiss on September 25, 2015. ECF No. 4.

### III. LEGAL STANDARD

A plaintiff bears the burden of establishing personal jurisdiction. Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1168 (9th Cir. 2006). When, as here, the Court resolves the motion to dismiss based only on written submissions, a plaintiff must make a prima facie showing of facts that would support personal jurisdiction. Id. That is, Plaintiffs "need only demonstrate facts that if true would support jurisdiction." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir.1995).

To establish that personal jurisdiction over a defendant is proper, a plaintiff must show (1) that the forum state's long-arm statute confers personal jurisdiction and (2) that the exercise of jurisdiction comports with the constitutional principles of due process. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). Because Nev. Rev. Stat. section 14.065 permits Nevada courts to exercise jurisdiction to the same extent as the Constitution, this Court need only consider the constitutional principles of due process. Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014).

In this case, Plaintiff does not allege that Nevada has general jurisdiction over Defendant. Therefore the Court lays out the requirements for specific jurisdiction. Specific jurisdiction requires certain minimum contacts and must not offend traditional notions of fair play and substantial justice. Schwarzenegger, 374 F.3d at 801 (quoting Int'l Shoe Co. v. Wash., 326 U.S. 310, 216 (1945)). This "minimum contacts" test requires three things: (1) the defendant must have purposefully directed specific activities toward the state forum, (2) the plaintiff's claim must arise out of or relate to those specific forum-related activities, and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. be reasonable. Schwarzenegger, 374 F.3d at 802. The plaintiff bears the burden of satisfying the first two elements, and then, if the plaintiff successfully does so, the defendant has the burden of presenting a compelling case that jurisdiction would be unreasonable. Id.

The purposeful direction requirement has three necessary elements. To satisfy the purposeful direction requirement the defendant "must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128

1  (9th Cir. 2010).  This is sometimes referred to as the "effects test" or "Calder test."  See Calder v.
2  Jones, 465 U.S. 783 (1984).

### IV.  DISCUSSION

Defendant argues that it has no contacts with Nevada to permit personal jurisdiction over it. Defendant argues that OTG is not subject to Nevada's general jurisdiction. Additionally, Defendant argues that specific jurisdiction is not satisfied based on the transactions or occurrences alleged.  Rather, Defendant argues, all of the transactions at issue in this matter occurred in Texas. Therefore, because Defendant did not perform any action in Nevada, it "could not have done anything that could cause any harm in Nevada." MSJ at 6.

Plaintiff argues that Red Rock is subject to specific jurisdiction in Nevada. Red Rock is incorporated in the State of Nevada and conducts its business in this state. See P's Exs. 1 and 3. Red Rock has been an active Nevada corporation since 2008. Id. The company address is 1604 Afton Drive Las Vegas, Nevada. Id. It is known in the construction industry that Red Rock operates out of Las Vegas and that its machinery available for purchase or lease is generally located and store in Nevada. Id. Further, Plaintiff argues that initial contact between the parties was made by OTG, who first contacted Red Rock in 2012. Specifically, OTG solicited the business of Red Rock, a Nevada based equipment rental and sales company. See P's Ex. 1. The credit application and the rental agreements were prepared and executed in Nevada. Id.  The rental equipment ordered by OTG was stored in Nevada and was later transported by freight to Texas, the cost of which OTG paid. Id. For over two years, OTG continued to lease and purchase equipment from Red Rock. Id. There was a consistent and long standing relationship between Red Rock and OTG. Id. Further, Plaintiff argues that OTG consented to venue in Nevada pursuant to the Rental Agreements; OTG signed individual Rental Agreements for each piece of equipment, which included venue provision in the instance of a defaulting lessee. See P's Exs. 1 and 2. The venue provision specifically states: "In the event suit is brought by Lessor or if Lessor retains an attorney to enforce any of Lessor's rights, Lessee agrees to pay Lessors actual attorney's fees and all costs of collection even if after

1  judgment, whether or not suit is filed. This agreement is to be interpreted under Nevada law, and
2  Lessee consents to jurisdiction in the courts of Clark County, Nevada." P.'s Ex. 2.

3  In Reply, Defendant maintains that because the services at issue were directed to Texas,
4  and because Plaintiff cannot authenticate the forum selection clause, Plaintiff cannot establish that
5  Nevada has personal jurisdiction over it.

6  The Court first notes that "[w]here, as here, the motion is based on written materials rather
7  than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional
8  facts.' In such cases, 'we only inquire into whether [the plaintiff's] pleadings and affidavits make
9  a prima facie showing of personal jurisdiction.' Although the plaintiff cannot 'simply rest on the
10 bare allegations of its complaint,' uncontroverted allegations in the complaint must be taken as
11 true. Conflicts between parties over statements contained in affidavits must be resolved in the
12 plaintiff's favor." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004)

13 In this case, Plaintiff has provided a signed declaration by Mr. Randy Adams under penalty
14 of perjury stating that: OTG actively sought out Red Rock's services, who OTG knew to be based
15 and incorporated in Nevada; OTG agreed to pay for the freight charges for the delivery of the
16 equipment from Nevada to Texas; OTG signed individual rental agreements for each piece of
17 equipment leased containing Terms & Conditions; the Terms & Conditions included a provision
18 stating that in the event suit is filed the agreement is to be interpreted under Nevada law; and the
19 credit application and the rental agreements were prepared and executed in Nevada. P.'s Ex. 1.

20 The Court finds that, taking Adams' statements as true, as it must at this stage of the
21 proceedings, Plaintiff has established that Nevada has specific personal jurisdiction over
22 Defendants under a minimum contacts analysis. First, the Court finds that Defendant's solicitation
23 of Plaintiff's services where Plaintiff is a Nevada corporation and the goods in question are located
24 in Nevada, satisfies the purposeful direction requirement. Namely, the Court finds that Defendant
25 (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the
26 defendant knows is likely to be suffered in the forum state. Brayton Purcell LLP v. Recordon &
27 Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010).

28

Next, the Court further finds that the plaintiff's claim arises out of those specific forum-related activities. Schwarzenegger, 374 F.3d at 802.  The Defendant's contact with the forum involve the very equipment and related contract(s) that are at the heart of this litigation.

Last, the Court does not find that Defendant has established that finding specific jurisdiction over them violates fair play and substantial justice. Id. Defendant argues that the equipment is in Texas and the witnesses that will testify as to the inadequate operation of the equipment are in Texas. However, that local litigation is inconvenient—or some other forum may be more convenient—is not enough; rather Defendant "must show that jurisdiction in [Nevada] would make the litigation 'so gravely difficult and inconvenient that a party unfairly is at a severe disadvantage in comparison to his opponent.'"  Sher v. Johnson, 911 F.2d 1357, 1365 (9th Cir. 1990) (internal quotation omitted).  As the Ninth Circuit observed, requiring a nonresident to defend in a distant state "in this era of fax machines and discount air travel" is not unreasonable. Id.  Remote litigation is even more convenient in the era of electronic filing and telephonic hearings. Therefore the Court finds that jurisdiction in Nevada is not unreasonable and is not an affront to fair play and substantial justice.

### V.     CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED**. ECF No. 4.

**DATED:** July 25, 2016.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**